Good morning. May it please the Court. My name is Saad Ahmed and I represent the petitioner in this case. Petitioner is seeking review of the board's final order of removal in which the board denied his applications for asylum, withholding of removal and relief under the Convention Against Torture. The petition for review should be granted for one simple reason, which is that the immigration judge in this case made a legal error of law by not making an expressive false persecution determination. Under the regulations, when an alien or an applicant for asylum establishes false persecution, he is entitled to a rebuttable presumption of future persecution, which may be rebutted by the government under the preponderance of evidence standard. The government must show that either there has been a fundamental change in country conditions or that the applicant can relocate reasonably within the country. So your argument in this case is that, never having made a finding of past persecution, the I.J. erroneously then put the burden on your client to establish future persecution? Yes, Your Honor. If my question is, is the fact that the I.J. put the burden on your client to establish the fear of future persecution an implicit finding of the absence of past persecution? Yes, it was an implicit finding. However, the judge was required by law under the BIA precedent matter of DIM. The board specifically said that the immigration judge must make an explicit finding of past persecution because that makes it easier for the adjudicators to determine who has the burden, because not only does it make it easier for the government in turn to satisfy its burden by preponderance of evidence, but it also allows, in case that burden is satisfied, for the alien to apply for humanitarian asylum. In this case, because there was no such thing done, not only was Respondent not able to get the presumption, but he was also denied in case of the government making its burden by preponderance of evidence to establish that he was eligible for humanitarian asylum. And the judge never even made that determination. The BIA in this case compounded. But I think, you know, your position is quite clear and quite persuasive. And at least speaking for myself, I'd like to see if the government has any answer to it. Right, Your Honor. You've made the case. Right. Well, if there's no other questions, Your Honor, maybe I can save the rest of my time. I may make sure I'm thinking of the right problem. Isn't this the case in which the I.J. said, assuming that there was past persecution? Yes, Your Honor. She made the case, she said, assuming this past persecution, but she did not make an explicit past persecution determination. That's why I was a little bit confused when you answered my question by saying that you thought there was an implicit finding of past persecution. I take it what the I.J. did was just simply move past that step. Right. Assuming that there was, but then putting the burden on your client to establish the future persecution prong, if you will. That's correct. And let me just say one thing, that the board made an implicit finding that he may have suffered past persecution, but his fear of future persecution was rebutted. So you're saying they did not put the burden on the government to overcome the past persecution? That's right, Your Honor. They did not put the burden on the government in this case and, therefore, made a legal error, and the board did not correct that legal error. Instead, the board compounded that error by making factual findings in deciding this appeal. Well, that was thank you for raising that, because that was my second question here. When you read the board decision, it seems different than the I.J. decision. That's correct. The board decision seems to say, let's assume he established past persecution. It was rebutted. Yes. Can the board do that? No, Your Honor. The board cannot do that, because the board does not have the authority to engage in fact findings in the course of deciding the appeal, and this is quite clear, that the board does not have that authority. Well, I agree with you. The board can't do fact finding. Excuse me, Your Honor? The board cannot do fact finding. On appeal, in the course of the appeal. But can't the board say that the government has overcome its burden? Your Honor, the board cannot make that determination in the first instance. The board can only uphold the decision by the immigration judge. And in this case, the judge never made that decision. Well, the board can reverse the decision by the immigration judge. The board – excuse me, Your Honor, I'm sorry, I wasn't – I said the board can reverse a decision by the immigration judge. That's correct. The board – what the right thing, Your Honor, should have been in this case, that the board would have said, should have said, that there needs to be additional fact findings in this case, and therefore, we should remand this case back to the immigration court. Why? Why does it have to be additional fact findings? Because in light of past persecution, if the board said that even assuming he established past persecution, then the board should have remanded the case to the immigration court so that the government can rebut the presumption under the regulations that – that arises as a result of that past persecution. That was never done in this case. The board simply ruled on this issue in the first instance, which was an error of law. I think what I – what I don't understand about your position, there is another issue where I think a similar argument exists. But on this part, I must say, I have trouble finding why the board can't assume your case for past persecution and then say, nevertheless, it is overcome. I mean, whether they're right or wrong in that conclusion. If they assume all your facts, why can't they then say that change in country conditions is sufficient to overcome that? Well, for two main reasons, Your Honor. First of all, they can't do that because the record is not developed. Second – Well, who didn't develop the record? The immigration judge did not develop the record because the judge never had the opportunity – not the opportunity, I would say, it's the wrong word, but never had – was not able to make a decision as to the government's burden. And secondly, and most importantly, Your Honor, and I think this is what Judge Horwitz' point was, perhaps – I only have questions, no points. Your Honor, in that case, humanitarian asylum. That's a different issue. That's the one – that was the one I said is another issue that's related. Yes, because there was no humanitarian – You're not talking about – you have not, up until now, been talking about humanitarian asylum. That's a different point. There I see your argument. Yes. Because there was no fact-finding in that case at all by the IJ. We remanded, I think at the government's request, the humanitarian claim. And it went right to the board, and it never went to the IJ. And there was no fact-finding at all on that claim, other than the fact-finding that was already in – done before the humanitarian claim was before the IJ. So there I can see the argument, but I did not see the argument on the first point that you've been discussing up until now, where they assumed, for purposes of the case, that you were right. And then they said, but that's overcome. I don't see anything wrong with that procedure. Your Honor, I think that that argument, the board has already refuted. The board, in matter of D.I.M., the case we cited, explicitly said that that was a requirement. We can't assume facts on appeal because the board cannot engage in fact-findings with its limited fact-finding authority. It would create more problems for adjudicators. I agree with that. The board can't do the fact-finding. But what fact-finding? They can do legal conclusions. They can look at the record and disagree with the IJ on the legal conclusion. And by fact-finding, is it your position that they can't assume all of the facts in your favor as to persecution and then say that that's overcome by a change in country conditions? No. They can assume facts that are already in the record. However, whether there is a risk of a well-founded fear of future persecution, that requires looking at country conditions, looking at the circumstances specific to the Petitioner, looking at all the other factors that were not in the record. So the fact-finding. But weren't they in the record? Wasn't there evidence of changed country conditions in the record? Very good question, Your Honor. Yes and no. I'm having a good week. Lawyers are complimenting me on my questions. Your Honor, if you look at the Respondent's, excuse me, the Petitioner's application for asylum, there were two main reasons why he feared going back to Yemen. One was that his father was a wanted man, which he hadn't spoken in a while. And secondly, he was also afraid not just from the government of Yemen, but also from the tribes in Yemen, because he himself mentioned in the application that he feared going back to Yemen. But I asked a much narrower question, which I think is easily answered. Wasn't there evidence of changed country conditions entered into the record? Whether or not you found it believable or persuasive, there was evidence of changed country conditions. Was there not? There was evidence of changed country conditions. Okay. And then there was also – wasn't there also some evidence specific to this Petitioner, which is to say that because his claim of fear related to his father's situation, there was some evidence that his father had traveled in Yemen without incident? That's correct. Okay. What the consequence of those is, let's leave aside for a second. I just want to make sure I understood the record on those. Yes, Your Honor. Thank you. Do you want to save your last minute and a half? Yes, Your Honor. Thank you. Counsel, I'll give you a name first. Jeffrey Meyer for the Respondent. Your Honor. Would you try to, in your argument, to keep the two claims separate, the initial claim and then the subsequent humanitarian claim? There are two problems. Okay. On the first one, the initial claim, counsel a couple of times referred to a case with some initials. I have difficulty keeping all those cases apart. And he – I think what he was saying was that under that, whether it was IN or whatever it was, that there was a case that said you can't assume the facts and then that you have to actually find them. Did you understand the argument? It's not necessary for the I.J. to make an explicit finding here because she never does. She says – she never reaches that because she says – Well, but let me work this through because this is the central part of his argument, at least on asylum. Normally, the applicant has the burden of showing past persecution, correct? Yes. If he shows past persecution, then the burden shifts to the government with respect to the future. I don't – if I can use that as a shorthand. To rebut a presumption of future problems. A rebuttable presumption, exactly. A rebuttable presumption. And I know I'm using shorthand here. So here the I.J. makes no finding on past persecution. But then says that the applicant hasn't overcome his burden to show the future problem, correct? That's the way I read the I.J.'s decision. She said that. Okay. And that – the problem there, of course, is that if he – we don't know whether – what the I.J. concluded with respect to past persecution. It seems implicit that she concluded that it hadn't been shown because she moved on to the test for past persecution. But your opponent says to us, you've got to make an explicit finding on the past persecution issue, and he cites a case with initials, EIM, I think, or something. That's what I wrote down, but I'm not sure I had the initials right. So answer that. Did the I.J. err by not making a finding on the issue of past persecution? No, Your Honor, because all that would have done is raised the rebuttable presumption. So let's – now let's go on to the BIA decision. The I.J. all that would have done was what? Raise a rebuttable presumption, and the I.J. then said it's been rebutted. Well, that's the question Judge Reinhart's been trying to ask. Okay. All right. Was that the standard that was applied when you say it was rebutted? Was he given the presumption that he – of past persecution? No. Wasn't that the end of the case? If he's not given the presumption, it's not going to be remanded. Because there's no finding. Well, there's no finding of past persecution. Well, she assumed it. She assumed past persecution. That's like a finding of the facts. She said alternatively, if there had been, or that it had been rebutted. That's my problem. I'm just looking for – she never makes a finding about past persecution, does she, the I.J.? No. It just says, I think her words are, he may have. He may have. He may have. He may have. But if he did, he hasn't shown his burden. He hasn't met his burden, she says. She doesn't say the government has rebutted it. If I could just cite to a case that's in my brief, Marcu. It's a Ninth Circuit case. But it's a similar fact pattern in that the Ninth Circuit said it would not be necessary because, same as here, that it had been rebutted. Well, see, that's my problem. And I'm just trying to work through. We've got some conflicting administrative record here, at least some difficult  And I'm trying to make sure I read the decisions correctly. The I.J. says maybe he was persecuted. But even if he was, he hasn't shown that he's going to be persecuted in the future. She doesn't say the government has rebutted. No, she does say the government has rebutted. Show me where she says the government has rebutted. Tell me where. Just one second. And then we can move on to the humanitarian claim. But I didn't find. I didn't find where she said if the burden was on the government, it has met it by rebutting. And perhaps, you know, I don't want to make you use all your time looking at the record, but that's my problem with this case. If the I.J. said what you said she did, then I don't have a problem. But if she didn't say it, then it seems to me she placed the burden on the wrong person. And maybe, maybe because your time is ticking away while we do this, you could address the humanitarian claim. It's obviously either in the record or it's not. So I would point to AR-1112, where it says that the court agrees with the government that its evidence specifically, Exhibits 17, 18, and 19, clearly refute Respondent's contention that his father is a wanted man. Well, that's the problem is, if you assume past persecution, then there is rebuttable presumption, and you have to afford that presumption, not enough just to refute it as if there's no burden, or if there's a burden still remains on the asylum seeker. In this case, the government's already come forward and rebutted that presumption. No, I mean, you may think that, but there has to be a finding that you've rebutted a presumption. That's a different burden than just to come out when you've got 50 percent of the evidence, you rebut it with normal evidence. When there's a presumption, your task changes. You've got to overcome something. Which the government did in this case. Well, it may have, but you have to have a finding that it overcame a presumption. And our rule is very clear, that unless the presumption is rebutted, you send it back to apply the proper standard. And then you have to, you know, you may well come back with a finding, okay, we've considered the presumption, and the evidence we have is enough to overcome it. But in the absence of making that finding, our rule is to send it back. And she's never making, she never finds past persecution, so. But she does. She's just assuming it. She said you may have. So let's go to the BIA decision in this one. The BIA says, essentially does what I think the IJ should have done. The BIA says, okay, I'm going to assume past persecution, but the government has rebutted it. I think that's what they say. Are we talking about the 2007 BIA, the first one? I'm trying to find which one we're talking about. Well. But at least with respect to the hearing this IJ held this time, the BIA says. Okay. I think you're talking about the 2007. 2007. So with respect to that, the question that got raised before is, can the BIA look at the record on appeal and say, even if the IJ made the wrong legal conclusion, which is that the burden was on him, there was so much evidence in this record that we can find that the presumption was rebutted. Can they do that? I'll answer it this way, and then I'll answer it more specifically if you so desire. But I think I do desire. I'll get there. I think what the 2007 decision did was, they repeat back what the immigration judge had found that he may have found, and then said and agreed that even if it had been rebutted. That's right. And then, but they also throw in the analysis of the humanitarian asylum under Section A, there being two types of humanitarian. Right. I agree. I'm trying to separate the two. Okay. So. And the question I have, and your opponent asked it differently than you did, that's why I want to make sure I understand it. Let's assume an error at the IJ level, that the IJ placed the burden on the wrong party with respect to future persecution. But a record was made by the government and by the applicant. It comes up to the board, and the board says, we'll assume past persecution, so we'll apply a rebuttable presumption toward the government. But as we look at this record, we think that rebuttable presumption has been overcome. Can they do that? Well, they, those facts are already found below, so they're not making a fact. No, I, can they, can they do it? Yes, they can do that. Okay. That's because the facts are already found below. Right. Okay. And then, just to take it from there, they do the analysis under section A, humanitarian asylum. Then the government says, well, he raised in his notice of appeal also eligibility under section B. So it's remanded. And then our most recent decision here, the 2008 decision, then provides discretionary determination regarding section B. So, and they don't make any fact finding. Was the humanitarian claim presented to the IJ? The evidence, the evidence was in the record. I know. My question was, was the humanitarian claim presented as such a claim? It was raised for the first time on appeal to the board. Well, and then it came down, I think at the board's request, to the board, which never presented that claim for any fact finding. Well, the facts were, they reviewed the facts in the record, and then. But the facts in the record were not facts that were developed to make a humanitarian claim. Well, that was, his job, if he believed that he was entitled to that relief, was to make that record. And the board, the regulations make this a discretionary determination. They're not. But they didn't have a factual record before them. But they do cite to the facts in the record. As I said, there was no claim presented on a humanitarian claim to the IJ. And therefore, you didn't have all the facts that might have been presented in connection with the humanitarian claim. You had all the facts that were presented in connection with his regular claim for asylum. This came before the board in 2008, right, their decision, but at no — on remand, but at no time did they ever argue that they need to remand it to the IJ for additional fact finding. They simply made their claim at the board level based on the facts in the record. Now, once they lose, it's — it wouldn't be proper to say, oh, by the way, we want to — we should have introduced more evidence, and I don't — They weren't afforded an opportunity to introduce evidence. Well, they could have asked — It was remanded from us to the board, which is the proper thing, so that he could present his humanitarian claim. Which — The board should have remanded it to the IJ so that a humanitarian claim could be presented. If, in fact, he wanted to introduce more evidence, which he did not ask to do. Has anybody asked whether he wanted to have his claim presented the way they normally are? He submitted a brief. He never made any claim to — that there is additional evidence that should be considered for this other serious harm. I know you've gone past your time, but I have one fact — I have one factual question for you, or at least a question about the government's position. In the 2008 BIA decision, there's a footnote on the issue that we've been going around on today, which is in his brief on appeal, Respondent asserts that the IJ and the board erred in not making an explicit finding of past persecution. I assume that was the first time up, and that if past persecution was established, the government didn't rebut the presumption of a well-founded fear. We declined to address these issues, as the Respondent did not raise them in his initial brief on appeal to the board. I assume that was in the first proceeding. Nor did the Ninth Circuit direct us to address them. In any event, a determination as to whether an applicant has established eligibility pursuant to the various CFRs necessarily assumes that past persecution has been established, but that a well-founded fear of persecution was not established. Is that the government's position? In other words, you're not arguing waiver in your brief on appeal, as I understand it. No, I didn't argue waiver. But is it your position that if the IJ just moves on from past persecution and says the applicant hasn't established a well-founded fear of future persecution, that that's a sufficient finding of the absence of past persecution? I think — but I disagree with your characterization that you're saying that the — He read from the footnote. I'm just reading. In any event, the board says, A determination as to whether an applicant has established eligibility for asylum — I'll leave out the statutory cites, now I'm quoting — necessarily assumes that past persecution has been established, but that a well-founded fear of persecution was not established. So it seems to me what the board is saying here is that if the IJ is silent, what we do is assume that the IJ has not found a well-founded fear of persecution. Is that — If the IJ is silent. Well, let's — if you're not arguing — I take it what you're saying in this case is that the IJ assumed past persecution. In the alternative, right? Right. Well, she said he may have established, he may have been persecuted. Right. But even if he was, he hasn't established a fear of future. She said he didn't or may have, right, but no finding. And even if he had, it would have been rebutted. Okay. Right. That's my question. If she said that, we're — and that's what I need to find in the record. Thank you. All right. I have nothing further. Thank you, Judge. Thank you. Thank you, Your Honors. Your Honor, just a comment I would like to make is that we believe that the — that the Petitioner was not given the rebuttable presumption based on the immigration judge's lack of finding as to past persecution or explicit finding, and the Board did not correct that error on appeal. And I agree with Judge Reinhart here that the humanitarian asylum claim was never presented, and the Board had to remand that case back — had to remand the case back to the Immigration Court for more fact-finding on that. And if there are no issues, thank you very much. Thank you, counsel. Thank you.
judges: Reinhardt, Noonan, Hurwitz